UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD L. BASKETT,

          Petitioner,

    v.

KENNETH QUINN,

          Respondent.

Case No. C07-1020RSL

AMENDED ORDER GRANTING IN PART CERTIFICATE OF APPEALABILITY

This matter comes before the Court on a limited remand from the United States Court of Appeals for the Ninth Circuit for clarification of the certificate of appealability issued in this matter on May 21, 2008. The Court declines petitioner's invitation to reconsider or expand the certificate of appealability and accepts respondent's concession that petitioner remains "in custody" despite his release from confinement. Having reviewed the memoranda and exhibits submitted by the parties, the Court amends its May 21, 2008, to order as follows:

Because petitioner filed his notice of appeal after April 24, 1996, his appeal is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which worked substantial changes to the law of habeas corpus. Under the amended version of 28 U.S.C. § 2253(c), a petitioner may not appeal the denial of a habeas corpus petition unless the district court or the Ninth Circuit issues a certificate of appealability identifying the particular issues that may be pursued on appeal. United States v. Asrar, 116 F.3d 1268 (9th Cir. 1997).

To obtain a certificate of appealability, the petitioner must make a substantial

showing of the denial of a constitutional right. "Obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor." <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983). Rather, he must demonstrate that the resolution of the habeas petition is debatable among reasonable jurists or that the issues presented were "adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000). Where a petition is dismissed on procedural grounds, the Court must determine whether "jurists of reason" would debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the district court's procedural ruling was correct. <u>Slack</u>, 529 U.S. at 484.

Having reviewed the record in this case, including the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge, the Court finds that the dismissal of petitioner's claims as not properly exhausted in the state courts and therefore procedurally defaulted is debatable among reasonable jurists and that those claims deserve to proceed further. Petitioner's 1st, 3rd, 4th, 6th, 7th, and 9th claims for relief are, therefore, appealable under AEDPA. The Court's findings regarding petitioner's other grounds for review, namely his hearsay objection, the Americans with Disability Act claim, and the constitutionality of a state statute, are not debatable and should not be the subject of an appeal.

For all of the foregoing reasons, petitioner's request for a certificate of appealability is GRANTED in part and DENIED in part.

Dated this 18th day of March, 2009.

*[signature]*

Robert S. Lasnik
United States District Judge

AMENDED ORDER GRANTING IN PART
CERTIFICATE OF APPEALABILITY            -2-